By the Court.—Freedman, J.
In June, 1878, one John A. Blewitt was indebted to the plaintiff in the sum of $100, and at the same time the defendant had in his hands the sum of $240, belonging to Blewitt. While this was the situation, the plaintiff, the defendant, and Blewitt, on July 8, 1878, met on board the steamer Egypt, on which the defendant and Blewitt were about to start for Europe, and Blewitt then directed the defendant to pay plaintiff the amount of $100, due to the plaintiff, out of the moneys which the defendant held for him, the said Blewitt. The defendant consented, and promised that, as he had not the money with him, he would remit the amount to the plaintiff from Paris, with which promise the plaintiff declared himself satisfied. The defendant and Blewitt then went to Paris, and, while there, Blewitt instructed the defendant not to send the money to the plaintiff, as he, Blewitt, wanted it to get home with. The defendant accordingly paid the money over to Blewitt, and, having done so, declined to fulfill his promise to the plaintiff. This action is brought to enforce defendant’s promise, evidently on the theory that it constituted a contract of novation. Under the pleadings the *376 plaintiff was bound to establish a promise binding in law, and ' to overcome' the two-fold objection raised throughout the trial, that there was no consideration, and that the promise was void under the statute because not in writing. He was bound to show that it was agreed between himself, the defendant and Blewitt, that Blewitt’s debt should be extinguished, and that he, the plaintiff, should look only to the defendant for payment upon the new promise, and that Blewitt’s debt was extinguished accordingly. The plaintiff’s version of the conversation had on board of the steamer was, perhaps, sufficient on these points to entitle the plaintiff to go to the jury, but as the version given by the defendant and Blewitt was opposed to it, it became important that the jury should be fully advised as to what the plaintiff had to establish before he could recover. Instead of instructing them in conformity with the foregoing views, the learned judge who presided at the trial charged them that the question of a release was out of the case, and that the only question was whether the defendant promised, with the consent of Blewitt, to pay $100 to the plaintiff out of funds in his hands belonging to Blewitt, and sufficient for that purpose. This was clearly error, which entitles the defendant to a new trial. The cases cited by the plaintiff, which appear like the one at bar, are really distinguishable, for in every one of them the promise made by the defendant was based on a valuable consideration then passing between the parties, usually a fund placed into the hands of the defendant, in consideration of which he promised to pay the plaintiff. In the present case, nothing passed between the three parties to the conversation except what can be found in the alleged agreement, and hence, if there was any consideration for defendant’s promise, it must rest upon the agreement on the part of the plaintiff to *377 release or extinguish Blewitt’s debt, and that he did release or extinguish it;
The judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event.
Sedgwick, Ch. J., concurred.